# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| KENNETH MICHAEL BOEKENOOGEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:09CV99 |
| ) | |
| DAVID MITCHELL, Supt., et al., ) | |
| ) | |
| Respondents. ) | |

### MEMORANDUM OPINION AND RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 12, 1999, in the Superior Court of Durham County, Petitioner was found guilty of first-degree kidnapping. He was then sentenced to a term of 133 to 169 months of imprisonment. Three out-of-state felony convictions were used in calculating Petitioner's prior record level at sentencing. After unsuccessful attempts at both direct and collateral relief in the state courts, Petitioner filed his habeas petition in this Court on February 5, 2009. Respondents now seek to have the petition denied through a motion for summary judgment.

### Claims in the Petition

Petitioner presents four claims for relief, all of which are based on the same argument. He maintains in his first claim for relief that his sentence violated his right to due process because his prior record level at sentencing was miscalculated. He does not identify the nature of the miscalculation in that claim.

However, in his second claim, he elaborates by arguing that his sentence was unlawful because his out-of-state convictions should not have been used to calculate his prior record level. Petitioner's third claim alleges ineffective assistance of counsel because his trial counsel did not object to the error in his prior record level calculation, while his fourth ground for relief makes a similar claim as to counsel on appeal.

## Discussion

As just explained, all of Petitioner's claims rely on the premise that his prior record level was miscalculated under North Carolina law. If this is not so, there is no way that his due process rights were violated or that his sentence was unlawful. Likewise, his attorneys could not have committed an error or prejudiced Petitioner as required by Strickland v. Washington, 466 U.S. 668 (1984), if they failed to raise an invalid point.

Respondents answer Petitioner's allegations by pointing out that N.C. Gen. Stat. § 15A-1340.14(e) explicitly allows out-of-state felony convictions to be used in calculating a defendant's prior record level if they are "substantially similar" to a felony under North Carolina law. Petitioner's prior out-of-state convictions consisted of three felony convictions, which appear to have been consolidated into two judgments. One was for "delivery of cocaine," while the other two were for "sexual battery" and "false imprisonment." (Docket No. 6, Ex. 1.) It was determined that the cocaine charge was equivalent to a Class I felony under

North Carolina law, while the false imprisonment and sexual battery convictions were equivalent to a Class B1 felony.

Petitioner has not challenged the equivalency determinations just mentioned. In fact, his petition is really just a bald statement that the out-of-state convictions could not be used. In response to Respondents' citation of the statute expressly providing that out-of-state convictions could be used, Petitioner argues that his convictions could not be used under N.C. Gen. Stat. § 15A-1025, which "contains limitations as to the use of prior convictions in which resulted from plea arrangement. [sic]" (Docket No. 8 at 8.) Because his prior convictions resulted from plea agreements, he believes they should not have been counted.

Petitioner's argument is founded on a basic misreading of the law. The statute which he cites does not deal with the calculation of prior record levels at sentencing. Instead, it is entitled "Plea discussion and arrangement inadmissible," and reads, "[t]he fact that the defendant or his counsel and the prosecutor engaged in plea discussions or made a plea arrangement may not be received in evidence against or in favor of the defendant in any criminal or civil action or administrative proceedings." N.C. Gen. Stat. § 15A-1025. On its face, this statute is an evidentiary rule intended to keep unfruitful plea discussions from later being used against a defendant. This view was recently adopted by the North Carolina Court of Appeals, which held that N.C. Gen. Stat. § 15A-1025 did not prevent the introduction at sentencing of prior guilty pleas as long as the plea had actually been entered and had not

been withdrawn. Thus, prior convictions where guilty pleas were involved could be used to prove a person's record at sentencing. State v. Buck, No. COA07-471, 663 S.E.2d 13, 2008 WL 2735871 at *3-4 (N.C. App. July 15, 2008), rev. denied, 362 N.C. 511, 668 S.E.2d 341 (2008).

In the end, Petitioner's claim is based on state law and the state courts do not agree with his interpretation of North Carolina law. This Court cannot simply disagree with state court determinations of state law. Wright v. Angelone, 151 F.3d 151, 158 (4th Cir. 1998). Nor would there be any reason to do so in this case, where Petitioner's argument is so clearly without merit. The use of Petitioner's prior convictions to establish his record level did not violate North Carolina law or his federal due process rights. His attorneys also did not provide ineffective assistance of counsel by failing to pursue this obviously meritless argument either at sentencing or on appeal. All of Petitioner's claims fail and should be denied.

**IT IS THEREFORE RECOMMENDED** that Respondents' motion for summary judgment (docket no. 5) be granted, that the petition (docket no. 2) be denied, and that Judgment be entered dismissing this action.

                                                      /s/ Donald P. Dietrich
                                                        **Donald P. Dietrich**
                                      **United States Magistrate Judge**

June 3, 2009